IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| EUGENE FORD, | ) | Cause No. CV 05-79-GF-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING <u>FORMA</u> |
| | ) | <u>PAUPERIS</u> STATUS AND REQUIRING |
| JAMES MacDONALD, Warden, | ) | ANSWER FROM RESPONDENT |
| State Prison, and MONTANA | ) | |
| BOARD OF PARDONS AND PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On August 9, 2005, Petitioner Eugene Ford applied to proceed <u>in forma pauperis</u> with this action for a writ of habeas corpus under 28 U.S.C. § 2254.  Ford is a state prisoner proceeding <u>pro se</u>.

**I. Application to Proceed <u>In Forma Pauperis</u>**

Ford submitted a statement of his inmate trust account covering the period from January 1, 2005, to August 1, 2005.  He also submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  It appears that he lacks sufficient funds to prosecute this action.  Consequently, his application to proceed <u>in forma pauperis</u> will be granted.  The Court notes that Ford paid the $5.00 filing fee.  However, his <u>forma pauperis</u> status may be relevant at a later stage of the case.

ORDER GRANTING <u>FORMA</u> <u>PAUPERIS</u> STATUS
AND REQUIRING ANSWER / PAGE 1

**II. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

Upon preliminary review, the Court cannot say that the Petition is conclusively and entirely without merit. See Rule 4, Rules Governing Section 2254 Proceedings in the United States District Courts. While the Court has considered whether Ford's petition is barred by the doctrine of procedural default, it appears that, on direct appeal, the Montana Supreme Court's procedural bar was not firmly established. Ford's case was the first case to raise the question of when a Batson challenge must be made, and not all jurisdictions require such a challenge to be made before the jury is sworn. See, e.g., Dias v. Sky Chefs, Inc., 948 F.2d 532, 534 (9th Cir. 1991) ("Batson objections must occur as soon as possible, preferably before the jury is sworn.") (emphasis added). For the same reason, there appears to be cause for appellate counsel's failure to raise an ineffective

assistance claim on direct appeal.

Additionally, on appeal from the trial court's denial of post-conviction relief, the procedural bar applied against Ford appears to be intertwined with the merits of a Strickland analysis.[1]  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).  Ford's Petition alleges many claims.  The procedural bar the Court is referring to here is the rule requiring claims of ineffective assistance of counsel to be raised on direct appeal if they can be decided solely on the basis of the record.

The Court is not making a final determination on these issues.  Respondent may raise the procedural bar issue either in the Answer or by motion, but the Court requires an Answer on the merits of the petition.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  Ford's Application to Proceed In Forma Pauperis (Court's doc. 1) is GRANTED.  The Clerk of Court shall waive payment of the filing fee.

2.  The Clerk of Court shall serve Respondent MacDonald and the Attorney General of the State of Montana by mailing to them copies of the Petition for Writ of Habeas Corpus and this Order.

---

[1]

ORDER GRANTING FORMA PAUPERIS STATUS
AND REQUIRING ANSWER / PAGE 3

3.  MacDonald shall file an Answer to the Petition for Writ of Habeas Corpus within forty-five (45) days after the date on the certificate of mailing below.  **A motion in lieu of an Answer is not permissible**.  The contents of the Answer shall include the items detailed in Rule 5 of the Rules Governing Section 2254 Cases and shall include the transcript of Ford's <u>Batson</u> challenge in the trial court.

4.  MacDonald's Answer may be accompanied by a motion.

5.  Within twenty days after MacDonald serves the Answer, Ford may file a Reply to the Answer, limited to **ten (10) pages**, excluding exhibits.  If MacDonald also serves a motion, Ford may respond to it within twenty days after Acton serves it.  Ford's brief in response to any motion must be limited to **twenty (20) pages**, excluding exhibits.  MacDonald may file a reply in support of any motion in accordance with D. Mont. L.R. 7.1.  No further briefs or pleadings will be allowed.

6.  From this point forward, Ford shall serve upon counsel for MacDonald a copy of every document submitted for the Court's consideration.  A certificate of service must accompany each of Ford's submissions to the Court.  The Court will not consider any document which has not been filed with the Clerk of Court or which fails to include a certificate of service.

7.  <u>Ford must immediately inform the Court and opposing</u>

counsel of any change in his mailing address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 19th day of January, 2006.

/S/ **Carolyn S. Ostby**
Carolyn S. Ostby
United States Magistrate Judge

ORDER GRANTING FORMA PAUPERIS STATUS
AND REQUIRING ANSWER / PAGE 5