IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| EUGENE FORD, | ) | Cause No. CV 05-79-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER LIFTING STAY and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JAMES MacDONALD, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On August 9, 2005, Petitioner Eugene Ford filed this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Ford is a state prisoner proceeding pro se.

**I. Statute of Limitations Bar**

Respondent MacDonald (hereafter "the State") filed an Answer on April 13, 2006, asserting, among other things, that the petition was barred by the one-year federal statute of limitations.  On May 1, 2006, Ford filed a Reply to the Answer and responded to the State's argument as to time bar. On November 15, 2006, the case was stayed pending the United States Supreme Court's decision of *Lawrence v. Florida*, No. 05-8820 (U.S. Mar. 27, 2006), *opinion below*, 421 F.3d 1221 (11th Cir. 2005).  *Lawrence* was decided on February 20, 2007.

ORDER LIFTING STAY and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254.  In this case, the limitations period began to run the day after the United States Supreme Court denied *certiorari* review on October 21, 2002.[1]  28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).  Absent statutory tolling, Ford's federal habeas petition had to be filed within 365 days of that date, or by October 21, 2003.

The one-year federal period for filing is suspended while a petitioner has a "properly filed" action for postconviction or other collateral relief pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  On October 3, 2003, Ford filed a petition for postconviction relief in state court.  At that time, 347 days had already run on the federal limitations period, but 18 days remained.  On June 14, 2005, the Montana Supreme Court affirmed the trial court's denial of postconviction relief.

Ford filed a petition for rehearing in the Montana Supreme Court, but he did so on July 11, 2005.  Mont. R. App. P. 34 requires that petitions for rehearing be filed within ten days "after the decision of the court has been rendered."  Therefore, Ford had to file his petition for rehearing on or before June 28, 2005.  His July 11 petition for rehearing was untimely and so does not toll time under 28 U.S.C. § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *Artuz v. Bennett*, 531 U.S. 1, 8 (2000).  Therefore, Ford's federal petition had to be filed within 18 days of the

---

[1]  The Montana Supreme Court denied rehearing on January 31, 2002.  Ford's petition for writ of *certiorari* was filed on May 1, 2002.  As the State has not raised the issue, the Court assumes that Ford's petition for rehearing on direct appeal was timely filed.  Consequently, the federal limitations period did not commence to run until October 21, 2002.

ORDER LIFTING STAY and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Montana Supreme Court's decision affirming the trial court, or by July 5, 2005.[2]  He filed on August 9, 2005.

Ford would be entitled to equitable tolling if he can demonstrate that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on or before July 5, 2005.  *See Calderon v. United States Dist. Court* ("*Beeler*"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), *overruled on other grounds by Calderon v. United States Dist. Court* ("*Kelly IV*"), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling "will not be available in most cases" and poses a "high hurdle" for a petitioner to overcome.  *Id.*  Ford has the burden of proving that he is entitled to equitable tolling.  *See, e.g., Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir. 2001) (citing *Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993), and *Herbst*, 260 F.3d at 1041-42).

Ford asserts that counsel appointed to represent him in postconviction proceedings had a conflict of interest, *see* Letter from Ford to LaFountain (Court's doc. 21) at 4, 6-10, and that that situation led to a 147-day "limbo" between the United States Supreme Court's denial of *certiorari* review and his filing of a petition for postconviction relief, *see* Reply (Court's doc. 21-1) at 1-2.  However, Ford is not entitled to 365 "trouble-free" days to file his federal habeas petition.  He is entitled to 365 days.  The doctrine of equitable tolling offers him the opportunity to show that he could not have filed sooner than he did.  The 147-day "limbo" period that preceded Ford's filing of his postconviction petition in the trial court in October 2003 did not cause him to delay filing in this

---

[2]  July 2, 2005, was a Saturday.  Monday, July 4, was a federal holiday.  Therefore, the petition had to be filed on or before July 5, 2005.

Court after the Montana Supreme Court affirmed the trial court's denial of postconviction relief in June 2005. Moreover, new counsel was appointed on April 28, 2003, several months before Ford's state postconviction petition was filed – to say nothing of his federal habeas petition.

Ford did not claim that he relied on a 90-day period to petition for *certiorari* review following the Montana Supreme Court's June 2005 decision. Nonetheless, the Court stayed the case pending the United States Supreme Court's decision in *Lawrence* because, if Ford was entitled to statutory tolling during that period, Ford's petition would be timely regardless of whether he knew or relied on the availability of that time. *Lawrence*, however, holds that time was not tolled at all between June 14, 2005, and the date Ford filed his petition. Accordingly, Ford's petition was filed 35 days too late. It must be dismissed.

## II. Certificate of Appealability

### A. Governing Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4

(1983)).  *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").  Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits.  The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit.  *Lambright*, 220 F.3d at 1025.  Any doubt as to whether a petitioner has met the standard is resolved in his favor.  *Id*.

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue."  Fed. R. App. P. 22(b)(1) (emphasis added).  The Court need not explain why a certificate *should* issue.  *Id*.

**B. Discussion**

While Ford has made a substantial showing of the denial of a constitutional right, the Court does not believe that reasonable jurists could disagree about the untimeliness of his petition.  The Supreme Court has ruled.  No greater clarity is possible.  A COA should be denied.

Based on the foregoing, the Court enters the following:

ORDER LIFTING STAY and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

## ORDER

The stay imposed in this matter on November 15, 2006, is LIFTED.

The Court also enters the following:

## RECOMMENDATION

Ford's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as barred by the federal statute of limitations.  A certificate of appealability should be DENIED and the Clerk of Court should be directed immediately to process the appeal if Ford chooses to file a notice of appeal.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Ford must immediately advise the Court of any change in his mailing address.  Failure to do so may result in dismissal of this case without notice to him.

DATED this 26th day of February, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

_____

[3]  In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

ORDER LIFTING STAY and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6